UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13186-RGS

CASEY R. CREDEUR, a/k/a TIMOTHY R. RICHARDS

v.

W. JAMES O'NEILL, et al.

MEMORANDUM AND ORDER

January 13, 2016

STEARNS, D.J.

For the reasons stated below, the Court dismisses this action without prejudice.

## I. Factual Background

Casey R. Credeur, formerly known as Timothy R. Richards, brings this action in which he asks for a declaration that the delay by the Commonwealth of Massachusetts in bringing him to trial on criminal charges violates his rights under federal and state law and mandates the dismissal of the charges.

According to the amended complaint,[1] the Commonwealth brought a criminal complaint against him (under the name Timothy Richards)

[1] In his original complaint, Credeur named the Honorable W. James O'Neill, First Justice of the Barnstable District Court, as the sole defendant. Upon a representation of

charging him on thirteen counts of statutory rape. The plaintiff represents that he did not receive notice of the complaint or summons to appear because they were sent to the wrong address. After he did not appear at the April 2005 arraignment, he was defaulted and a warrant issued for his arrest.

Credeur represents that he not learn of the action until September 2014, at which point he contacted the Barnstable District Court to request information about the case. The court treated Credeur's correspondence as a motion to dismiss or quash the warrant and denied the same. The plaintiff filed two motions to dismiss the criminal complaint on speedy trial grounds. The first motion was never received by and/or placed on the docket of the Barnstable District Court. The second motion was filed on May 18, 2015 and is pending. The Commonwealth has not responded to the motion.

The plaintiff alleges that the Commonwealth's decade-plus delay in bringing him to trial on the 2005 criminal complaint violates his federal and state rights to a speedy trial and to due process.

---

the Commonwealth's Attorney General that Judge O'Neill was deceased, Credeur filed an amended complaint naming Michael O'Keefe as the sole defendant, acting in his official capacity as District Attorney for the Cape & Islands. Other than the identity of the defendants, the original and amended complaints are substantially the same.

## II. Discussion

Because Credeur paid the filing fee, the federal *in forma pauperis* does not provide a statutory basis for screening this action. See 28 U.S.C. § 1915(e)(2). Nonetheless, because he is a prisoner,[2] his amended complaint is subject to screening under 28 U.S.C. § 1915A. This statute requires the Court to review any complaint in which a prisoner seeks redress from a governmental entity or employee and dismiss the action if it is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. The statute does not contain an explicit exception for a prisoner who has paid the filing fee, and the federal courts of appeals that have addressed the issue have ruled that no such exception exists.[3] Further, the Court has an obligation to inquire its own subject matter jurisdiction, *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004), and it may raise issues of abstention *sua sponte*, *see Ford Motor Co. v. Meredith Motor Co., Inc.*, 257 F.3d 67, 71 n.3 (1st Cir. 2001).

---

[2] The plaintiff states in the amended complaint that he is currently serving a federal sentence following his conviction for child pornography distribution. *See United States v. Richards*, Crim. No. 05-00185 (M.D. Tenn.).

[3] *See O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008); *Judd v. Federal Election Com'n*, 304 Fed. Appx. 874, 875-76 (D.C. Cir. 2008) (per curiam); *Thompson v. Hicks*, 213 Fed. Appx. 939, 942 (11th Cir. 2007) (per curiam); *Miller v. Edminsten*, 161 Fed. Appx. 787, 789 (10th Cir. 2006); *Stringer v. Bureau of Prisons, Fed. Agency*, 145 Fed. Appx. 751, 752 (3d Cir. 2005) (per curiam); *Lee v. Hennigan*, 98 Fed. Appx. 286, 287

Here, the Court will abstain from exercising jurisdiction over this action because it is a matter for the state courts to address.

"Abstention is a device designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." *Coggeshall v. Mass. Bd. of Reg. of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). "[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" *In re Justices of Superior Ct. Dep't of Mass. Trial Ct.*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting *Younger*, 401 U.S. 37, 46 (1971)). Under the *Younger* abstention doctrine, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," *In re Justices*, 218 F.3d at 17, as long as the "federal claims" can be "raised and resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, the Court has no reason believe that Credeur cannot pursue relief in the state courts. The Barnstable District Court has docketed his

(5th Cir. 2004) (per curiam); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002); *Lews v. Estes*, 242 F.3d 375 (table), 2000 WL 1673382 (8th Cir. Nov. 8, 2000) (per curiam); *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

motion to dismiss and has jurisdiction to rule on it. To the extent that Credeur believes that the state trial court has not been adequately responsive to his initial inquiry and motion, he has not alleged facts from which the Court can reasonably infer that the matter cannot be resolved somewhere in the state court process. For example, Credeur has not suggested that he is precluded from filing a petition under M.G.L. ch. 211, § 3. *See* M.G.L. ch. 211, § 3 (giving the Supreme Judicial Court superintendence of inferior courts); *Burton v. Commonwealth*, 432 Mass. 1008, 1008 & n.1 (2000) (noting that petition under M.G.L. ch. 211, § 3 was appropriate vehicle to bring claim that delay in criminal prosecution violated defendant's right to a speedy trial).

**ORDER**

Accordingly, this action is DISMISSED. The dismissal is without prejudice to the plaintiff pursuing his arguments for relief in state court.

**SO ORDERED.**

_/s/ Richard G. Stearns_______
UNITED STATES DISTRICT JUDGE